Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 88 CR 846 - 1 | DATE | 10/4/2001 |
| CASE TITLE | | USA vs. Charles Hayes | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Order. Hayes' motion for release is denied. (117-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | OCT 0 5 2001 | 120 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 10/4/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 88 CR 846-1 |
| CHARLES HAYES, ) | |
| Defendant. ) | |

FILED
OCT 05 2001

## MEMORANDUM ORDER

On July 25, 2000 this Court issued the attached memorandum order ("Order") rejecting a motion that had been tendered by Charles Hayes ("Hayes"), in which he had sought relief from his conviction back in 1989 on the premise that it was based on a void indictment. Although Hayes sought to disclaim 28 U.S.C. §2255 ("Section 2255") as the road to such relief (obviously the one-year statute of limitations had long since time-barred his access to that statute), there is really no arguable predicate for anyone's taking an end run around Section 2255 and its limitations (either in terms of time or otherwise) in that fashion. Accordingly this Court's view is that the earlier unsuccessful motion had to be viewed as an effort to obtain relief via Section 2255, even though the Order did turn to the merits of his motion and found it substantively wanting.

Now Hayes has tried again with a new filing, this time labeled "Notice of Objection and Challenge to Court's Jurisdiction Pursuant to Federal Rules of Criminal Procedure Rule 12(b)(2)," accompanied by another document headed "Motion for Release on Bail (Personal Recognizance) Pending Issuance of Order Dismissing the Cause."



Again the only predicate for launching such a collateral attack must be viewed as a motion under Section 2255, which it will be recalled provides a source of relief for any federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence"--an accurate characterization of Hayes' current contention.

If then the current filing were to be viewed as a "second or successive motion" under Section 2255 because of Hayes' unsuccessful effort last year, it would have to be tendered first to our Court of Appeals for permission to proceed (see the last paragraph of Section 2255 as well as 28 U.S.C. §2244(3)). That basis of disposition might however be viewed as unfair to Hayes, given the fact that the Order did not state <u>expressly</u> that his earlier motion would be viewed as one under Section 2255. But that is of no moment, for the patent untimeliness of a current Section 2255 motion dooms Hayes' current effort in any event.

Accordingly Hayes' current motion must be and is denied. Although this Court remains of the same point of view (as expressed in the Order) that the law that compelled the imposition of a 15-year prison term operated with extraordinary harshness in his case, that does not justify ignoring the clear dictates of the law now (just as it could not have justified ignoring such clear dictates at

2

the time of sentencing).

                                                 /s/ Milton I. Shadur
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date:   October 4, 2001

IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
                                EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,       )
                                 )
        v.                       )     No.  88 CR 846-1
                                 )
CHARLES HAYES,                   )
                                 )
                Defendant.       )

                            MEMORANDUM ORDER

    Charles Hayes ("Hayes"), whom this Court sentenced more than a decade ago (the judgment and commitment order is dated May 11, 1989) to a 15-year prison term because that was the statutory minimum applicable to his eight-count violation of 18 U.S.C. §922 ("Section 922"), has just submitted to this Court a letter with some bulky documents (his caption on the latter is "Notice of Fraud Upon the Court and Request for Disclosure of Grand Jury Minutes and Relevent [sic] Ducuments [sic]"). Because the time for any correction of an assertedly invalid sentence under Fed. R. Crim. P. 35 expired very shortly after the imposition of sentence, and because any opportunity to obtain post-conviction relief under 28 U.S.C. §2255 is also time-barred, Hayes disclaims as potential sources of relief those routes as well as the path of habeas corpus--instead he urges that his conviction was based on a void indictment.

    It is certainly true that Hayes' situation is particularly unfortunate, because his prior felony convictions that caused the penalty for his current gun offenses to escalate dramatically--to carry the heavy 15-year mandatory minimum sentence rather than, as

this Court recalls, no more than a two-year term--had taken place decades earlier. Indeed, this Court suggested to his counsel at the time of sentencing that he consider, on appeal, seeking to attack that lengthy sentence on constitutional grounds of cruel and unusual punishment, while at the same time making it plain that such an effort was pretty much hopeless because of established precedent.

But that unfortunate situation does not validate Hayes' current contentions. As best this Court can determine, Hayes appears to suffer from the mistaken notion that every criminal statute must be linked with implementing regulations to become effective, so that the existence of a valid criminal charge depends on the coexistence of a statute <u>and</u> a regulation published in the Federal Register. That is simply wrong. Section 922 (the statute of conviction) is entirely valid on its own (without any need for an implementing regulation).

Hence any arguable underpinning for Hayes' claim of a void conviction falls away. None of the cases or materials that Hayes has cited carries any persuasiveness to suggest any other conclusion. Accordingly, treating Hayes' submission as a motion (perhaps the best available label), this Court denies that motion.

                                            Milton I. Shadur
                                            Senior United States District Judge

Date: July 25, 2000